IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Wendi Elliott, | C. A. No. 2:08-cv-03531-MBS-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| U.S. Home Protect of Charleston LLC, | |
| Defendant. | |

This employment discrimination case alleging unlawful discharge under the Federal Pregnancy Discrimination Act of Title VII of the Civil Rights Act of 1964, § 701(k), 42 U.S.C. § 2000e(k), is before the undersigned United States Magistrate Judge for a Report and Recommendation on the defendant's motion for summary judgment. 28 U.S.C. § 636(b).

The plaintiff, Wendi Elliott, female, filed suit timely on October 17, 2008, against her former employer, U.S. Home Protect of Charleston LLC ("U.S. Home"). Elliott brought a cause of action for Title VII wrongful termination. The defendant timely answered the complaint. The discovery deadline terminated on June 23, 2009.

On March 17, 2009, Defendant filed a motion for summary judgment on all claims averring that it does not employ the requisite number of employees for it to qualify under Title VII and, therefore, this case should be dismissed. (D. Motion for

Summ. Judg. p. 1.) Plaintiff filed an opposition to this motion on April 6, 2009 claiming she was pursuing an "integrated employer" theory asserting that U.S. Home should be considered as one with Protective Coatings Group ("PCG") or with U.S. Pest. Defendant replied to this opposition on April 16, 2009. Oral argument was had before the undersigned on April 29, 2009. Hence it appears consideration of the matter is appropriate.

## SUMMARY JUDGMENT STANDARD

To grant a motion for summary judgment, this court first must find that "there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which the party bears the burden of proof at trial. Celotex Corp. v. Cattrett, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-23 (4th Cir. 1990). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). "[W]here

the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." <u>Teamsters Joint Council No. 83 v. CenTra, Inc.</u>, 947 F.2d 115, 119 (4th Cir. 1991); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-49 (1986).

Speculation is not enough to withstand a motion for summary judgment. <u>Ash v. United Parcel Service, Inc.</u>, 800 F.2d 409, 411-12 (4th Cir. 1986). Indeed, the court should draw reasonable inferences on behalf of the non-moving party, but it must not slip into "sheer speculation." The court may not move beyond inference and into the realm of mere conjecture. <u>Lovelace v. Sherwin-Williams Co.</u>, 681 F.2d 230, 242 (4th Cir. 1982). Such bald, unsupported, and conclusory allegations do not constitute evidence and therefore do not create triable issues of fact. <u>Felty v. Graves-Humphreys Co.</u>, 818 F.2d 1126, 1128 (4th Cir. 1987). A plaintiff's beliefs, just like conclusory allegations, speculation, and conjecture are simply insufficient to defeat a properly supported motion for summary judgment. <u>See</u>, <u>Ross v. Communications Satellite Corp.</u>, 759 F.2d 355, 364 (4th Cir. 1995).

In summary, the plaintiff must present admissible evidence which raises a material and genuine factual dispute. "The mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which

the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252.

## **LAW**

Title VII, which was enacted as part of the Civil Rights Act of 1964, provides that it "shall be an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a) & (a)(1).

Plaintiff here alleges she was discharged because she was pregnant. Section 701(k) of Title VII, the Pregnancy Discrimination Act, forbids discrimination against an employee "because of sex" or "on the basis of sex," which includes, but is not limited to, "because of or on the basis of pregnancy." "Women affected by pregnancy . . . shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work." 42 U.S.C. § 2000e(k).

To establish a prima facie case of discriminatory termination under Title VII, a plaintiff must show that: (1) she belongs to a protected class; (2) she was terminated; (3) at the time of the termination, she was performing at a level that met

4

legitimate job expectations; and (4) she was replaced with a similarly situated applicant outside the plaintiff's protected class. See, King v. Rumsfeld, 328 F.3d 145, 149 (4th Cir. 2003).

Additionally, the United States Supreme Court has held that another element of the plaintiff's claim is proof that she worked for an "employer" within the definition of the Act, 42 U.S.C. § 2000e(b). That is, the plaintiff must make a showing that the entity by whom she was employed had 15 or more employees. Arbaugh v. Y & H Corp., 546 U.S. 500, 126 S.Ct. 1235(2006) (holding that Title VII's 15-employee threshold is an element of a plaintiff's claim for relief on which the plaintiff bears the burden of proof, rather than a jurisdictional issue.)

The plaintiff asserts that although U.S. Home does not employ 15 persons, it should nonetheless be considered an "integrated employer" with Protective Coatings Group ("PCG") or with U.S. Pest and thus the numerosity requirement of Title VII would be met.

Under the "integrated employer" test, two companies may be considered so interrelated that they constitute a single employer. Hukill v. Auto Care, Inc., 192 F.3d 437, 442 (4th Cir. 1999). In determining whether to treat two corporate entities as one "integrated employer," the factors courts have considered include: (1) common management; (2) interrelation between operations; (3) centralized control of labor relations; and (4)

degree of common ownership/financial control. Id. However, no single factor is conclusive. Id.

**FACTS**

All facts, either undisputed or taken in the light most favorable to the plaintiff as the non-moving party, and all inferences drawn in the plaintiff's favor to the extent they are supported by the record, are as follows.

U.S. Home's payroll records for the relevant years of 2006 and 2007 during which it employed Elliott indicate that it did not have 15 or more employees for twenty weeks in either 2006 or 2007. (C. Allen Mar. Aff. ¶ 4. Ex. C.)

U.S. Home had "persons working for" it in Myrtle Beach, Atlanta, and Florida (Elliott Aff. ¶ 3), but they were all independent subcontractors rather than employees. (C. Allen Apr. Aff. ¶ 18). U.S. Home never had any employees based out of Myrtle Beach, Atlanta, or Florida. Id.

Further, the companies of U.S. Home Protect of Florida and U.S. Home Protect of Atlanta never had any employees. Id. at ¶¶ 16 & 17.

U.S. Home bought U.S. Pest in 2007 at which point U.S. Pest ceased to exist. (C. Allen Apr. Aff. ¶ 3.) U.S. Home now holds itself out as "U.S. Home Protect of Charleston" and "U.S. Pest & Environmental Services," but the company maintains one set of payroll records. Id. at ¶¶ 4 & 5. The included payroll records

reflect the records of U.S. Pest before it was acquired by U.S. Home and all of U.S. Home employees whether they worked for U.S. Pest or U.S. Home Protect. Id. at ¶ 5. None of these records show that U.S. Home maintained 15 or more employees for more than twenty weeks in 2006 or 2007. (Ex. C.)

PCG is a manufacturer of mold and mildew protection products that does approximately 20% of its business with U.S. Home. (C. Allen Apr. Aff. ¶ 11.) PCG and U.S. Home share some of the same owners (Id. at ¶¶ 2, 9), but "have always presented themselves to customers and creditors as separate companies" and "maintained separate records, bank accounts, equipment, and employees" and "have never paid for the salaries, expenses, or losses of the other." Id. at ¶ 13. PCG's products represent about 20% of U.S. Home's product line, the other 80% comes from independent sources. Id. at ¶ 11. At the time of Elliott's employment, U.S. Home and PCG did not share an office. Id. at ¶ 13.

Tom Oyler owns 26.67% of the defendant company, Lenny Abbott owns 26.67%, Clint Allen owns 26.67%, Todd Hanik owns 10%, and James Townsend also owns 10%. (C. Allen Apr. Aff. ¶ 2.) Todd Hanik owned 90% of U.S. Pest and James Townsend owned 10%, but this company ceased to exist when acquired by U.S. Home in 2007. Id. at ¶ 3. Allen-Oyler LLC owns 50% of PCG, Lenny Abbott owns 26%, North Florida Investments, Ltd. owns 8%, Dave Dugas owns 8%, and Steve Warfield owns 8%. Id. at ¶ 9. Clint Allen owns 50% of

Allen-Oyler LLC and Tom Oyler owns 50%. Id. James Townsend and Todd Hanik have no ownership interest in PCG. Id.

Todd Hanik managed U.S. Pest until December 2006. (C. Allen Apr. Aff. ¶ 6.) Clint Allen managed U.S. Home and U.S. Pest from December 2006 until U.S. Pest was bought by U.S. Home in 2007. Id. Lenny Abbott is the managing member of PCG and he was never involved in managing U.S. Home. Id. at ¶ 10. Neither Clint Allen nor Todd Hanik were ever involved in the managing of PCG. Id.

The defendant avers PCG has always been a separate entity from U.S. Home because of their different ownership, management, and operations, their businesses are completely separate, and they would gain nothing by being part of the same corporate entity. (C. Allen Apr. Aff. ¶ 14.)

Elliott asserts that there were persons working for U.S. Home Protect and/or U.S. Pest in the Myrtle Beach, South Carolina, Atlanta, Georgia, and Florida areas (Elliott Aff. ¶ 3) and that the defendants did not include these employees in their payroll records (Elliott Aff. ¶ 4). Further, Elliot avers that U.S. Home and/or U.S. Pest had a "close business relationship" with PCG, who provided "chemicals and other products" to the defendant. Id. at ¶ 5. Finally, Plaintiff affied that U.S. Home Protect, U.S. Pest, and PCG are owned or managed by same individuals: Clint Allen, Todd Hanik, Lenny Abbott, and James Townsend. Id. at ¶ 6. She also relies on a website printout,

(Pl.'s Opp'n Ex. F.), which is not authenticated, does not meet the requirements of Rule 56(e), <u>Orsi v. Kirkwood</u>, 999 F.2d 86, 92 (4th Cir. 1993.), and shows only that U.S. Home and PCG currently share an office.

## **DISCUSSION**

Elliott filed suit solely against U.S. Home alleging that the defendant had violated the Federal Pregnancy Discrimination Act (FPDA) of Title VII of the Civil Rights Act of 1964. In order for a company to be subject to the FPDA, that company must have fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. 42 U.S.C. § 2000e(b).

Here the plaintiff has presented no evidence that U.S. Home had the requisite number of employees and urges the court to apply the concept that U.S. Home is an integrated employers with PCG (Reply to Plaintiff Opp. p. 8). Adding to this argument the plaintiff urges denial of the instant motion in order to allow discovery on the integrated employer allegation. However Elliott has not presented anything other than her allegations to show that if U.S. Home and PCG were integrated employers, they would meet the 15 or more employee requirement of Title VII. The defendant's assertion that there is no genuine issue of material fact as to their number of employees is well made.

"The purpose [of the 15-employee threshold under Title VII] is to spare very small firms from the potentially crushing expense of mastering the intricacies of the antidiscrimination laws, establishing procedures to ensure compliance, and defending against suits when efforts at compliance fail." Papa v. Katy Indus., Inc., 166 F.3d 937, 940 (7th Cir. 1999). The "integrated employer" doctrine recognizes that in some cases small employers are "so interrelated" that it is equitable to treat them as a "single employer" for purposes of assessing whether the 15-employee threshold is met. Hukill v. Auto Care, Inc., 192 F.3d 437, 442 (4th Cir. 1999).

The factors the court is to consider as indicated in Hukill are: (1) interrelation of operations; (2) common management; (3) centralized control over labor relations; and (4) common ownership. 192 F.3d at 442. No one factor controls. These factors will be discussed seriatim.

1.) Interrelation of operations.

The undisputed evidence is that U.S. Home and PCG are involved in distinct businesses: PCG manufacturers a line of mold and mildew treatment products, which it sells to service providers (such as U.S. Home), while U.S. Home works with builders and homeowners to provide mold, moisture, and pest protection services. (C. Allen Apr. Aff. ¶¶ 2, 4, 11, & 14.) Although PCG sells some of its products to U.S. Home and U.S.

Home buys some of its supplies from PCG, both do the vast majority of their business, approximately 80% worth, with unrelated entities. Id. at ¶ 11. PCG and U.S. Home therefore have a typical supplier-customer relationship, which is insufficient for them to be treated as one employer. Bartlett v. W.T. Harvey Lumber Co., 398 F.Supp.2d 1311, 1317 (M.D. Ga. 2005) (refusing to treat building supplier and its customer as single employer under Title VII); see also, Morgan v. Safeway Stores, Inc., 884 F.2d 1211, 1215 (9th Cir. 1989) (refusing to treat credit union and its customer as single employer under Title VII).

2.) Common management.

U.S. Home and PCG have different managers, Mr. Allen manages U.S. Home and Lenny Abbott manages PCG, and neither company's manager is involved in managing the other company. (C. Allen Apr. Aff. ¶¶ 6 & 10.)[1]

3.) Centralized control over labor relations.

As with management generally, Mr. Allen manages U.S. home's labor relations and Mr. Abbott manages PCG's labor relations, and

---

[1] Todd Hanik managed U.S. Pest prior to Mr. Allen. He, like Mr. Allen, has never participated in the management of PCG. (C. Allen Apr. Aff. ¶¶ 6 & 10.)

neither is involved in the management of labor relations of the other. (C. Allen Apr. Aff. ¶¶ 6 & 10.)[2]

4.) Common ownership.

For much of the time Plaintiff worked for U.S. Home, it had no common owners with PCG. (C. Allen Apr. Aff. ¶¶ 3 & 9.) While it is true that U.S. Home and PCG now have three owners in common, there is still a significant degree of non-common ownership in the two companies. Id. at ¶¶ 2 & 9. Moreover, even a complete overlap in ownership is insufficient to justify treating two entities as one. "In view of the strong policy against disregarding corporate forms in imposing liability, there must be much more than common ownership of entities to establish liability." Wauben v. Protega (USA), Inc., No. 05-2780, 2007 WL 775614, at *13 (D.S.C. Mar. 9, 2007). Here, the limited degree of common ownership is insufficient, when considered with all the other evidence that U.S. Home and PCG are independent of one another, to create a genuine issue of material fact that they are "integrated employers."

In addition, U.S. Home and PCG have observed other relevant limited liability company practices including, but not limited to, not paying the salaries, expenses, or losses of the other; maintaining separate records, bank accounts, office space,

---

[2] Mr. Hanik managed U.S. Pest's labor relations before Mr. Allen, and he never participated in management of PCG's labor relations. (C. Allen Apr. Aff. ¶¶ 6 & 10.)

12

equipment, and employees; maintaining sufficient capitalization; and holding themselves out as separate companies. (C. Allen Apr. Aff. ¶¶ 7, 8, 12, 13 & 14.) As the Seventh Circuit has held, barring some intent to circumvent Title VII, which is not present here, respecting the corporate form in this fashion furthers the purpose of the small-employer exemption by sparring legitimate small companies the expense of Title VII litigation. Papa, 166 F.3d at 940; Corrigan v. U.S. Steel Corp., 478 F.3d 718, 724 (6th Cir. 2007) (holding that courts should only disregard the corporate form in "extraordinary cases," such as fraud); Nesbitt v. Gears Unlimited, Inc., 347 F.3d 72, 89 (3d Cir. 2003) (refusing to disregard corporate form in Title VII case absent significant operational entanglement); Roberts v. Shaw Group, Inc., No. 08-46, 2009 WL 86717, at *3 (E.D. Va. Jan. 13, 2009) (holding that courts should disregard the corporate veil in Title VII cases only in "extraordinary circumstances"); cf. In re Teleglobe Commc's Corp., 493 F.3d 345, 371 (3d Cir. 2007) ("It is a bedrock principle of corporate law . . . that courts must respect entity separateness unless doing so would work inordinate equity."). There is no reason to disregard the corporate form here. Accordingly, the facts[3] are that PCG and U.S. Home were

---

[3] The only arguments Plaintiff can muster in support of her claims that U.S. Home and PCG are "integrated employers" is that they have common ownership and management, that they "sell a bundle of related services," and that they share an office. (Pl.'s Opp'n p. 3.) The first two of these arguments are

not, as a matter of law, at the times relevant here an "integrated employer."

Accordingly the plaintiff cannot meet her burden of establishing that the defendant is a covered entity within the meaning of Title VII.

## CONCLUSION

Therefore, since there exist no genuine issues as to any material fact concerning the numerosity element of the Title VII cause of action and since the defendant is entitled to judgment as a matter of law, it is recommended that the defendant's summary judgment motion be granted.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

July 23, 2009

---

adequately refuted by the facts set forth in the text and in Mr. Allen's affidavit. In support of her argument that U.S. Home and PCG share a common office, Plaintiff relies solely on a website printout. (Pl.'s Opp'n Ex. F.) This printout, however, is not authenticated and is therefore inadmissible. Orsi v. Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993.) The printout shows only that U.S. Home and PCG now share an office. The uncontroverted evidence establishes, however, that U.S. home did not share an office with PCG before or during Plaintiff's employment,(C. Allen Apr. Aff. ¶ 13), the relevant time for considering whether U.S. Home is an "employer" for purposes of Title VII. Walters v. Metro. Educ. Enters., 519 U.S. 202, 205 (1997).