IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wendi Elliott, ) | |
| ) | C/A No. 2:08-3531-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| U.S. Home Protect of Charleston LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Wendi Elliott filed the within action on October 17, 2008, against her former employer, Defendant U.S. Home Protect of Charleston LLC. Plaintiff alleges that she was forced to resign her position and was terminated on or about October 26, 2007 on account of her pregnancy. Plaintiff brings this action pursuant to the provisions of Title VII of the Civil Rights Act of 1964, specifically as amended to include the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k).

This matter is before the court on motion for summary judgment filed by Defendant on March 17, 2009 (Entry 16). Plaintiff filed a memorandum in opposition on April 6, 2009, to which Defendant filed a reply on April 16, 2009. Defendant asserts that during the time Plaintiff was employed, 2006-2007, it lacked the requisite number of employees for it to qualify as an "employer" subject to the provisions of Title VII. See 42 U.S.C. § 2000e(b) (defining an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year").

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. On July 24, 2009, the Magistrate Judge filed a Report and Recommendation in which he found that the evidence supported Defendant's assertion that it did not employ fifteen or more persons for twenty or more weeks in

2006-2007. Accordingly, the Magistrate Judge recommended that Defendant's motion for summary judgment be granted. Plaintiff filed no objection to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. Defendant's motion for summary judgment (Entry 16) is **granted**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

August 13, 2009.